YATES, Judge.
The mother filed a complaint for modification of child support, alleging that there had been a change in circumstances since the August 1989 divorce judgment and that she was in need of additional child support for the parties’ three minor children. The trial court found that the mother had moved out of state with her present husband due to his military transfer and through no fault of her own, and that she was no longer able to work as a nurse because of licensing problems. The court further found that a child of the parties had been diagnosed as having an “attention deficit disorder” and a learning disability requiring a special tutor at a cost of at least $25 a week. It held that there had been a material and continuing change in circumstances and, pursuant to the child support guidelines, Rule 32, Alabama Rules of Judicial Administration, increased child support from $600 to $911 per month. The father appeals, contending that the decision to increase child support was not sufficiently supported by the evidence. We affirm.
The father claims that the mother’s testimony alone was not sufficient to show changed circumstances and needs. He further claims that his income had not increased since the original decree.
Regarding a change of circumstances, Rule 32(A) provides, in pertinent part, as follows:
“There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded.”
[[Image here]]
“(2) Modifications. The child support guidelines shall be used by the parties as *926 the basis for periodic updates of child support obligations.
“(i) The provisions of any judgment respecting child support shall be modified ... only upon a showing of a material change of circumstances that is substantial and continuing.”
The mother testified that she was no longer able to work as a licensed practical nurse because she did not meet the licensing requirements in Texas and that she was a student and hoped to attend medical school. With regard to the children, she testified that everything was much more expensive because they were older and expenses were greater where they live (such as $50 per child for baseball registration as opposed to $10 in, their previous location). In addition, she stated that she had extra expenses for the child with learning problems. As to the father’s claim that his income had not increased, he testified that his gross income in 1989 was $31,372, while in 1990, it was $43,107.
We hold that the changes demonstrated by the testimony of both the mother and the father were sufficient to meet the requirement stated above that child support be modified on a showing of “a material change of circumstances that is substantial and continuing.” Rule 32(A)(2)(i). The judgment is due to be affirmed.
The mother’s request for an attorney’s fee for representation on appeal is granted in the amount of $500.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.